UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDDIE PITCHER, JR. ET AL.                           CIVIL ACTION

VERSUS                                                NO. 25-492-BAJ-RLB

STATE FARM FIRE AND
CASUALTY COMPANY

### ORDER

Before the Court is Plaintiffs' Motion to Quash Subpoena. (R. Doc. 10). The motion is opposed. (R. Docs. 11, 12).

### I.    Background

On or about March 28, 2025, Freddie Pitcher, Jr. and Harriet Anderson (collectively, "Plaintiffs") initiated this action in State Court, seeking recovery for damage to their property in Baton Rouge, Louisiana (the "Property") resulting from a wind/hailstorm on or about June 17, 2023. (R. Doc. 1-1, "Petition"). In the Petition, Plaintiffs allege that State Farm Fire and Casualty Company ("Defendant" or "State Farm") inspected the Property and documented $1,022.09 in damages, declining any payment under the Plaintiffs' insurance policy because the deductible was not satisfied. (Pet. ¶¶ 9-10). Plaintiffs allege that an independent inspection found $104,694.00 in damages to the roof of the Property. (Pet. ¶ 11). State Farm then conducted a loss adjustment reinspection identifying $2,385.56 worth of damage, which was still below the applicable deductible. (Pet. ¶ 12). Plaintiffs seek damages for breach of the insurance policy, as well as statutory bad faith penalties and attorney's fees. (Pet. ¶¶ 26-48).

State Farm removed the action on June 6, 2025, asserting that an exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332 is proper. (R. Doc. 1).

On or about January 21, 2026, State Farm provided Plaintiffs with notice that it was serving a Rule 45 subpoena to Roofing Guys, LLC. (R. Doc. 10-3 at 2). The subpoena seeks the production of Roofing Guys, LLC's "entire file" related to the Plaintiffs and the Property, including the following categories of information:

(l) any and all fee agreements, fee contracts or fee arrangements between you and Plaintiff(s) and/or their law firm representing them in this matter;

(2) documents evidencing payments made to you to date by Plaintiff(s) and/or their law firm that are related to this matter;

(3) any and all contracts or agreements of any kind between you and the Plaintiff(s) and/or their law firm for work contemplated, in progress or completed on the Property;

(4) the number of matters related to the storm made the basis of this dispute for which you have been retained by Plaintiffs' counsel (including any lawyers in the counsel's law firm) to date;

(5) the number of reports/estimates you have prepared at the request of Plaintiffs' counsel (including any lawyers at the counsel's law firm) related to the storm made the basis of this dispute;

(6) the total sum of money you have been paid by Plaintiffs' counsel (including any lawyers the counsel's law firm) for work you have done that is related to claims arising out of the storm made the basis of this lawsuit;

(7) all subcontracts or agreements related to the Property between you and any subcontractor;

(8) all contracting or repair estimates for the Property prepared by you or any of your representatives;

(9) all invoices, payments and receipts for any work done by you on the Property;

(10) all photographs or video, in their native format, of the subject property in your possession, custody or control;

(11) all written, electronic or verbal communications, correspondence, memoranda, reports, draft reports, telephone memos, etc. concerning the Property;

(12) all diagrams, plans, schematics, drawings or any other rendition of the Property;

(13) all reports, including drafts, prepared by you or your representatives concerning the Property;

(14) all professional licenses, including your contractor license;

(15) a copy of your curriculum vitae; and

(16) the name, address and telephone number for all persons involved in the preparation of any report or estimate concerning the subject property.

(R. Doc. 10-2 at 6). The subpoena sought compliance by February 10, 2026. (R. Doc. 10-2 at 7).

On February 2, 2026, Plaintiffs' counsel sent an email to defense counsel stating the following:

> The subpoena is vague and/or ambiguous. Specifically, although it requests the complete file related to Plaintiffs and/or their property, paragraphs (1), (4), (5), and (6) seem to enlarge the request to include potentially other Plaintiffs and/or properties. If this is the intent, and if you do not plan on editing this language, please let me know, so I can file the appropriate Motion with the Court as the request in each of these paragraphs is, among other things, not relevant and/or unduly burdensome.

(R. Doc. 10-3 at 1).

On February 9, 2026, Plaintiffs filed the instant Motion to Quash. (R. Doc. 10). Plaintiffs represent that at the time of the filing of the instant motion, defense counsel had not responded to the February 2 email. (R. Doc. 10-1 at 1). Plaintiffs seek an order quashing the subpoena to the extent it seeks information in response to Paragraphs (1), (4), (5), and (6) of the subpoena that does not pertain to Plaintiffs and their Property.

Plaintiffs argue that the information sought by Paragraphs (1), (4), (5), and (6) is voluminous, "places an undue burden (time, resources and expense) on Roofing Guys, LLC," provides insufficient time to comply, and concerns individuals and properties unrelated to this action. (R. Doc. 10-1 at 3-4). Furthermore, Plaintiffs argue that these paragraphs also seek potentially "privileged, protected, and/or confidential" information. (R. Doc. 10-1 at 4). Finally,

3

Plaintiffs argue that the information sought "is not relevant to Plaintiffs' claim or Defendant's defense and is not proportional to the needs of the case." (R. Doc. 10-1 at 4-5).

In opposition, State Farm argues that Plaintiffs lack standing under Rule 45 to challenge the subpoena at issue based on the objections raised in the motion. (R. Doc. 11). State Farm represents that it received an authorization providing that Plaintiffs had contracted with Roofing Guys LLC, providing "permission for Roofing Guys to work directly with State Farm to establish an agreeable price, determine a full scope of work, and permitted State Farm to share pertinent information with Roofing Guys." (R. Doc. 11 at 2). State Farm represents that while Roofing Guys, LLC provided a roof replacement estimate of $67,368.86 and then ultimately submitted to State Farm an invoice totaling $57,821.00 for the roof replacement, "[a]fter the filing of the lawsuit, Plaintiffs' counsel advised that Roofing Guys replaced the roof at a cost of $33,293.73 via a cashier's check." (R. Doc. 11 at 2).

State Farm further represents that on February 10, 2026, Roofing Guys, LLC responded to the subpoena with the following information and documents:

> 1.) Representation and Services Agreement Executed by Roofing Guys and Freddie Pitcher, 2.) Third Party Authorization and Direction to Pay Executed by Roofing Guys, LLC and Freddie Pitcher, 3.) Letter from Roofing Guys to Freddie Pitcher dated August 4, 2023, 4.) Photos of 5617 Congress Boulevard, 5.) Roofing Guys Estimate to Replace the Roof of Freddie Pitcher totaling $67,368.86, 6.) Letter of Completion from December 14, 2024, and 7.) Roofing Guys Invoice to Replace the Roof of Freddie Pitcher totaling $57,812.00.

(R. Doc. 12 at 1). State Farm asserts that "[a]lthough some documentation was produced, the response is incomplete," and State Farm "needs additional documentation from Roofing Guys, LLC not included in its current response." (R. Doc. 12 at 2). State Farm did not produce a copy of the information and documents produced by Roofing Guys, LLC. Finally, State Farm has not moved to compel any further production in response to the Rule 45 subpoena.

4

## II.    Law and Analysis

### A.    Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 45 governs the issuance of subpoenas. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense

5

on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). On timely motion, the court for the district where compliance is required must quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Subpoenas issued for discovery purposes are subject to the discovery limitations outlined in Rule 26(b). *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); 9A Wright & Miller, Federal Practice & Procedure 2d § 2459 ("Of course, the matter sought by the party issuing the subpoena must be reasonably calculated to lead to admissible evidence as is required by the last sentence of Rule 26(b)(1).").

Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that. . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005).

**B.     Analysis**

Having considered the arguments of the parties, the Court agrees with State Farm that Plaintiffs lack standing to challenge the subpoena pursuant to Rule 45 for the reasons raised in the instant motion. In short, Plaintiffs argue that the non-party Roofing Guys, LLC will face undue burden if required to produce voluminous documents, including potentially "privileged,

6

protected, and/or confidential" information, that does not pertain to Plaintiffs or their Property. Plaintiffs seek to protect Roofing Guys, LLC from having to produce documents and information pertaining to Plaintiffs' counsel, as well as individuals and properties not at issue in this litigation. Plaintiffs are not, however, seeking any protection with respect to documents or information that pertain to their own claims or Property.

Plaintiffs lack standing to seek relief pursuant to Rule 45 where they have no personal right or privilege to the information sought. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege; *Keybank Nat. Ass'n. v. Perkins Rowe Associates, L.L.C.*, No. 09-497, 2011 WL 90108, at *2 (M.D. La. Jan. 11, 2011) ("Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the document sought.").

Furthermore, to the extent Plaintiffs are seeking a protective order pursuant to Rule 26(c)(1), Plaintiffs' motion is also subject to denial on the basis that they did not confer in good faith with State Farm prior to filing the instant motion. *See* Fed. R. Civ. P. 26(c)(1). To the extent Plaintiffs seek an order quashing the subpoena to the extent it seeks information pertaining to Plaintiffs and their Property, the motion is also denied because Plaintiffs do not establish any specific basis establishing that an order quashing the subpoena is required to protected them from annoyance, embarrassment, oppression, or undue burden or expense.

Based on the foregoing, the Court will not quash or modify any portion of the subpoena pursuant to Rule 45. That said, the Court observes that in another action before the undersigned involving State Farm and a virtually identical subpoena served on a different roofing company, State Farm withdrew its requests for information and documents pursuant to Paragraphs 4, 5, and 6 just a few days after the instant Motion to Quash was filed. *See Federick v. State Farm Fire*

7

*and Casualty Company*, State Farm's Opposition to Motion for Protective Order, No. 25-801-BAJ-RLB, ECF No. 14, at 8 (M.D. La. Feb. 12, 2026) (voluntarily withdrawing requests pursuant to Paragraphs 4-6); *see also* State Farm's Opposition to Motion for Protective Order, *Trosclair Welch v. State Farm*, No. 25-562-BAJ-EWD, ECF No. 23, at 9 (M.D. La. Feb. 10, 2026) (same).

It is unclear whether and to what extent State Farm is still seeking the production of information and documents in response to Paragraphs 1, 4, 5, and 6 from Roofing Guys, LLC that do not pertain to the Plaintiffs or Property in this action. Any motion to compel compliance with the subpoena with respect to Paragraphs 4, 5, and 6 must explain why those paragraphs (which appear to seek the compilation of data pertaining to individuals who are not parties to this lawsuit) were not withdrawn in this action.  The motion shall also address whether those requests are within the scope of Rule 45. *Leonard v. Martin*, 38 F.4th 481, 490 (5th Cir. 2022) ("Rule 45 does not contemplate a subpoena requiring a nonparty to analyze documents in the nonparty's possession and generate new information").

### III.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Quash Subpoena (R. Doc. 10) is **DENIED**. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on March 26, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

8